WILLIAM E. GRINNELL and another *vs.* WISCONSIN CENTRAL COMPANY.

## December 24, 1891.

Carrier—Agreement with Consignee.—A variance in respect to an alleged mistake of fact *held* not material.

Same—Verdict—Evidence.—Evidence *held* sufficient to support the plaintiffs' cause of action.

Appeal by defendant from an order of the district court for Hennepin county, *Smith,* J., presiding, refusing a new trial after verdict of $361.08 for plaintiffs.

*Walter C. Tiffany,* for appellant.

*Geo. M. Bleeker* and *E. E. Witchie,* for respondents.

VANDERBURGH, J. Plaintiffs, commission merchants in Minneapolis, purchased a car-load of grapes in Chicago, which was delivered to defendant to transport to Minneapolis. The car left Chicago September 17, 1889, and, in consequence of delays on the track, did not reach its destination till upon September 20th. Before the arrival of the grapes on the 20th, plaintiffs had demanded them of the company in Minneapolis, which, of course, could not be complied with, and defendant notified them that the car was delayed by an accident

or wreck on the road. It arrived, however, on the afternoon of the same day; and plaintiffs, claiming that the grapes were damaged on account of the delay, refused to receive them, and an agreement was entered into between them and defendant's agent, under which the grapes were turned over to the plaintiffs, as consignees of the defendant, to be disposed of on its account. The principal contention in the case is in respect to the nature and terms of this agreement, as bearing on the extent of the liability of the defendant. It is claimed by the defendant that the agreement was entered into under a mistake of fact that the car was understood to have been damaged by a wreck on the track, but that there was in fact no accident or injury to that particular car. It was merely delayed, and the grapes, after their arrival, had been reported by the agent to be "in bad shape." We think the court was right in holding that the mistake did not materially affect the merits of the case. The car was examined and turned over after its arrival, under the agreement between the parties. The plaintiffs allege that the agreement which was made between them and the defendant's agent who had charge of the matter for the defendant was that the defendant should take the grapes at cost and charges, and turn them over to plaintiffs, as commission merchants, to sell on defendant's account, and give defendant credit for the net amount received, after deducting freight, cartage, and commissions, and that the defendant should be liable to them for the balance or deficiency, for which this action is brought. The defendant denies that such was the contract, but alleges that the contract was, in substance, that the plaintiffs should take the grapes, and sell the same as brokers for the defendant, and defendant should pay them the actual damages suffered, which would be the difference between the value of the grapes as they were and the value thereof but for the default or delay of the carrier. Upon this branch of the case we think the evidence in plaintiffs' behalf tends to support the contract set forth in the complaint, and that the plaintiffs refused to receive the property on any other terms; and also that the defendant's agent, intrusted by it with the settlement of the controversy, was authorized to make such disposition of the property. The contract was in fact made after the car had arrived and been exam-

ined by the agent, who reported its condition to his superior; and the evidence gathered from the telegrams shows that the contract was one which, in his reasonable discretion, he was authorized to make under the circumstances.

We have not overlooked the remaining assignments of error, but do not think they require to be specially considered.

Order affirmed.