J. E. CUSHING and G. W. CUSHING *vs.* JNO. CABLE, J. A. CHUTE, ALBERT CHUTE, and EDWIN COOLEY.

Argued Dec. 3, 1891. Decided Jan. 6, 1892.

**Liability of Surety.**—The elementary rule applied, that the liability of a surety or guarantor is not to be extended by construction or implication beyond the strict terms of his contract.

Appeal by defendant Cooley from an order of the district court of Hennepin county, *Canty*, J., made June 16, 1891, denying his motion for a new trial.

This action was tried May 14, 1891, before the court, a jury having been waived. Findings were made and filed May 15, 1891, directing judgment for the plaintiffs against all the defendants for $422.28. 1878 G. S. ch. 66, § 36.

*Rea & Hubachek,* for appellant, cited *Kyle* v. *Proctor,* 7 Bush, 493; *Brewer* v. *Knapp,* 1 Pick. 332; *Tomlinson* v. *Simpson,* 33 Minn. 443.

*Polk & Gilman,* for respondents, cited *Salisbury* v. *Hale,* 12 Pick. 416; *Brackett* v. *Rich,* 23 Minn. 485; *Rice* v. *Loomis,* 139 Mass. 302.

COLLINS, J. The appellant, Cooley, by means of his written agreement appended to the contract made between these plaintiffs and the defendants Cable and Chute Bros., guarantied—*First,* that the latter would pay to plaintiffs $70 per month for the use of two boilers and the attached engines for the period of four months, commencing May 16, 1890; *second,* that should Cable and Chute Bros. renew

the contract for the period of two months more, in the manner prescribed therein, his liability as guarantor should remain, as to payment for the use of the articles, for that further period of time, in all six months; and, *third*, that the boilers and engines should be properly used, and should be returned in their present condition—natural wear excepted—by Cable and Chute Bros. That there was no renewal of the contract for any period of time; that no other contract was entered into; that plaintiffs were duly paid for four months at the agreed price per month, and $81.80 in addition; that the articles were kept and retained by Cable and Chute Bros. for about seven months after the expiration of the specified term of four months, but were then returned in good order,—stands undisputed on the proofs and admissions. But, notwithstanding this, the court below ordered judgment against the guarantor, Cooley, for the rental value of the boilers and engines for the whole period of time they were in the possession of his principals, something over eleven months, less the amount which had been paid, as before stated, $361.80. This was done solely upon the admission of Cable and Chute Bros. that, as to them, a recovery might be had, as for rent, at the rate of $70 per month, from the time of the expiration of the period of four months, commencing May 16, 1890, down to the day the articles were returned to plaintiffs' possession, less the amount paid in excess of $280, or four months' rent. Nothing can be clearer, both upon principle and authority, than the doctrine that the liability of a guarantor or a surety is not to be extended beyond the terms of his contract. A claim against him is *strictissimi juris*. To the extent and in the manner and under the circumstances prescribed in his obligation he is bound, but no further. He has a right to stand upon the precise terms of the contract of his principal, whose performance of it he has guarantied. And if there be default, or a breach of condition, his liability must be determined by the terms of the contract, which cannot be extended by construction or implication to cover a case not within its provisions. In the case at bar the liability of the appellant ceased upon the expiration of the period of four months, for which time he had guarantied prompt payment of the rent, and the payment thereof, except as to such dam-

ages as the plaintiffs might suffer by reason of the failure of Cable and Chute Bros. to return the boilers and engines. This might be more or less than the amount which the plaintiffs seem to have been willing to accept on the trial, but certainly the measure of damages in such a case, as to the appellant, could not be determined by any stipulation or admission made by his codefendants. As the proofs stood when the testimony was closed, there was absolutely nothing upon which an order for judgment against appellant could be predicated.

Order reversed.

(Opinion published 50 N. W. Rep. 891.)