WILLIAM H. LAMSON v. HERBERT W. COFFIN.[1]

December 13, 1907.

Nos. 15,300—(78).

**Sale of Homestead Right—Breach of Guaranty.**

To induce and bring about the sale of an alleged soldier's additional homestead right granted by section 2306, R. S. (U. S.) defendant represented and guaranteed that the documents evidencing the right which he then offered to sell were genuine and entitled the holder to locate and acquire title to eighty acres of unappropriated government land, and that, if for any reason they should prove invalid, he would replace the same

[1] Reported in 114 N. W. 248.

with other valid evidences of a like right or refund the money paid. It is held:

1. A guaranty of the validity as a matter of law of the documents evidencing the alleged right, and that they would be accepted by the land department of the general government for the purposes stated.

2. That the decision of the land department, to which the documents were presented with an application to locate land thereunder, that they were defective and insufficient to vest in the holder the alleged right, together with defendant's failure to replace the same with other valid evidences of a right to locate government land or to refund the money paid him, constituted a breach of defendant's guaranty.

·3. That the decision of the land department to the effect that the documents were invalid and insufficient to vest in the holder the alleged right was final and conclusive against defendant, he having through his agent made the application to locate land thereunder, thus being afforded full opportunity to be heard upon the merits of the questions affecting the validity of the asserted right.·

Action in the district court for St. Louis county to recover $440 upon a contract. From an order, Cant, J., overruling defendant's demurrer to the amended complaint, defendant appealed. Affirmed.

*Washburn, Bailey & Mitchell,* for appellant.

*Davis & Hollister,* for respondent.

BROWN, J.

Appeal from an order overruling a general demurrer to plaintiff's complaint. The complaint alleges that on February 18, 1902, defendant sold and transferred to one Geo. H. Rogers a soldier's additional homestead certificate theretofore issued to Catherine E. McLaughlin and by her assigned to Edgar A. Coffin, who held title thereto for defendant, for the consideration of $440, which Rogers then paid. It further alleges that, to induce Rogers to purchase the same, defendant represented that the homestead certificate had been duly issued to Catherine McLaughlin under the rules and regulations of the general land department of the United States, that it was assignable, and under and by virtue thereof the holder of the same could locate eighty acres of unappropriated government land and acquire title thereto. As a part of the transaction defendant signed and delivered to Rogers an instrument in the following language:

Whereas, the undersigned has this day sold to Geo. H. Rogers the following assigned soldier's additional homestead rights granted by section 2306, Revised Statutes of the United States, at the price named herein, and full payment for the same having been made by the said Geo. H. Rogers, to wit: Catherine E. McLaughlin, widow of Hugh McLaughlin, 80 acres.

Now, this is to witness that, for and in consideration of the sum of $440.00, paid by the said Geo. H. Rogers to the undersigned, the receipt of which is hereby acknowledged, I, H. W. Coffin, do hereby covenant and guarantee to the said Geo. H. Rogers, and to his heirs and assigns, that each and every one of the soldier's additional homestead rights mentioned herein and sold to the said Geo. H. Rogers as aforesaid, are valid under the law and are locatable on the number of acres mentioned herein, and that the papers executed and constituting such rights of entry, and hereby sold, are genuine and valid, and that, if any of such rights of entry prove to be for any reason invalid or not locatable upon the number of acres claimed and stated herein, I will replace any rights of entry so found or adjudged to be invalid or not locatable as aforesaid with unobjectionable and valid rights of entry for an equal number of acres, or refund the money paid for such invalid or nonlocatable right of entry.

In witness whereof, I have hereunto set my hand and affixed my seal this 18th day of February, 1902.

H. W. Coffin.    [L. S.]

The complaint also alleges that as a further inducement to Rogers to purchase the homestead right defendant agreed to cause Edgar A. Coffin, who held the title for defendant, to make the necessary application to the land department to locate the same upon land to be selected by Rogers, and, when the entry was perfected, cause said Edgar A. Coffin to execute to Rogers a special warranty deed conveying the land so located to him; that in making the purchase of the homestead right, Rogers relied upon the representations and agreement, and upon the strength thereof paid to defendant the purchase price; that thereafter said Edgar A. Coffin duly made application to

enter certain land with said certificate at the proper United States land office, and that the same was rejected; that the commissioner of the general land office ruled and decided that the certificate was defective and insufficient, and that no land whatever could be located thereunder. Edgar A. Coffin, who, the complaint sufficiently charges, was acting for defendant, was duly notified of this decision; but no appeal was taken therefrom within the time allowed therefor, and the decision became final. Rogers then demanded of defendant that he replace the certificate with other valid certificates or refund the money paid therefor. Defendant refused to comply with the demand. Thereafter Rogers assigned and transferred the cause of action for the alleged breach of contract, if any existed, to plaintiff, who brought this action to recover thereon.

Though the complaint designates the instrument sold and assigned to Rogers as a "soldier's additional homestead certificate," we do not understand that it was in the form of a certificate issued by any officer of the interior department evidencing the right of Mrs. McLaughlin to locate the number of acres referred to, or that any such officer had in any manner certified to the existence of such a right on her part. The subject-matter of the transaction was the alleged right of Mrs. McLaughlin, under section 2306, R. S. U. S. [U. S. Comp. St. 1901, p. 1415], to locate such lands as she or her assigns might select, and this was evidenced in the negotiations between the parties by documents disclosing her relationship to the deceased soldier and other essential facts. So that, when we speak of the homestead certificate, we have reference to these documents, and not to any formal official certification in the nature of land office scrip.

The first question for consideration is the construction and effect of the contract of guaranty set out above in full, and upon which Rogers relied in purchasing the certificate. It is contended by the defendant that the instrument should be construed as the guaranty of the existence of certain facts, namely, that the documents disclosing the asserted homestead right of Mrs. McLaughlin were genuine and entitled the holder thereof to locate and acquire title to eighty acres of government land, not a guaranty that the officers of the interior department of the general government would decide that they were genuine, or entitled the holder to locate eighty acres or any

other quantity of land thereunder, but the existence of facts essential to that right, and that, as the complaint contains no allegation that the documents were not genuine and did not entitle the holder to locate the number of acres of land therein mentioned, it fails to charge a breach of the contract. In line with this theory it is urged that the allegations of the complaint that the commissioner of the general land office rejected the certificate and refused the application to locate land thereunder are wholly immaterial, for the reason just stated, that defendant did not guarantee a correct decision by the land department, but only the fact of the genuineness of the certificate.

We are unable to adopt this view of the case. The guaranty is a clear and unequivocal agreement on the part of the defendant, not only that the homestead certificate was genuine, and evidenced the right to locate land thereunder as a fact, but that it was valid as a matter of law, and entitled the holder as a matter of right to locate and acquire title to such land. It expressly declares that the certificate is "valid under the law" and "locatable on the number of acres mentioned [t]herein," that the papers evidencing the right are "genuine and valid," and that, should the right of entry thereunder "prove to be, for any reason, invalid or not locatable upon the number of acres claimed and stated herein, I will replace * * * with valid rights of entry * * * or refund the money paid. * * *" The parties were contracting with reference to the rights granted soldiers of the Civil War and their surviving widows by section 2306, R. S. U. S., referred to in the guaranty, and not to mere evidence of those rights. That statute provides, speaking generally, that a soldier who served a stated length of time in the army or navy and received an honorable discharge, and who had taken an eighty-acre homestead, might, upon proof of the necessary facts, locate and acquire title to such additional eighty acres as he might choose to select of the unappropriated public land, and in case of his death the right is extended to his surviving widow.

Though as suggested by counsel for defendant, it is elementary that contracts of guaranty or suretyship are not so construed as to extend the liability of the guarantor beyond the plain terms of his engagements (Cushing v. Cable, 48 Minn. 3, 50 N. W. 891), yet in determining the precise nature of those engagements the rules and prin-

ciples of law applicable to the interpretation of other contracts control. The rule of strict construction applies only to the enforcement of the contract when its terms are once ascertained, in determining which the contract will be construed as a whole and effect given to the intention of the parties. 22 Cyc. 84; 27 Am. & Eng. Enc. (2d Ed.) 450. A fair interpretation of the contract in the case at bar will justify but one conclusion, namely, that defendant guaranteed that the certificate, in the condition the documents were in at the time of the transaction, entitled Rogers to locate and perfect title to the quantity of land mentioned; and this carried with it by implication of law a further guaranty that the documents would be accepted by the government for that purpose.

2. It is further contended that no breach of the contract is shown, for the reason that it does not appear that the land department ever decided or held that the certificate was invalid. The complaint alleges that the documents in question were presented to the department, together with an application to locate thereunder a designated tract of land, and that after due consideration the commissioner of the general land office rendered a decision in the following language:

"From the evidence submitted and from the records and files of this office it does not appear to the satisfaction of this office that the deceased soldier and husband of the widow is the same person who made the·entry. You will therefore notify the applicant that he will be allowed sixty days from service of notice hereof to show cause why his application should not be rejected, or to appeal herefrom, and that in the event of his failure to take action within the time specified his application, hereby held for rejection, will be rejected, without further notice to him from this office."

This ·was an affirmative ruling that the papers presented were insufficient to entitle the holder to obtain the land selected. They were insufficient to satisfy the department of the existence of the necessary facts, and the particular language of the decision, or form of expression, does not alter the legal effect following therefrom. With this decision in the way, no land whatever could be located under the certificate. And again, to the end that the rights of the parties might be fully disclosed and made known, time was given by the commissioner in which to appeal to the secretary of the interior, or make fur-

ther proof covering the features wherein the documents were defective. No appeal was taken, however, or further showing made. Whereupon the commissioner made a further order that the prior decision "has accordingly become final, the application is rejected, and the case is hereby closed." So that, whether the first ruling in the matter constituted an explicit decision that the certificate was insufficient to vest in the holder a right of entry, it was made explicit and final by the order above quoted finally rejecting the certificate. It thereby became wholly void and useless for any purpose, and within the meaning of the contract between the parties there was breach of defendant's guaranty.

3. But it is also urged that, conceding for the purposes of the case that the decision of the commissioner, properly construed, was an authoritative ruling that the certificate was invalid, defendant was not bound thereby, because he was not a party to the proceedings and had no opportunity to be heard therein. The point is not well taken. In the view we take of this question, guided by the contract as set forth in the complaint, it is unnecessary to determine whether the decision of the land department in a case of this kind, where the guarantor was not a party to the proceedings before it and was afforded no opportunity to be heard on the application to locate the land, is either prima facie or conclusive proof against him in an action for breach of the guaranty. In ordinary contracts of indemnity, to which this is analogous, a decision in the absence of the indemnitor would not conclude him. But that rule can have no application to the case at bar. Here defendant was not only afforded an opportunity to be heard, but the application to locate the land under the certificate was made by him through his agent and representative.

Additional homestead rights like those under consideration are granted by the act of congress referred to in the guaranty, and the conditions, manner, and method of acquiring and asserting the right are thereby prescribed and regulated, in connection with rules and regulations promulgated by the interior department under authority of law. The right can be exercised only in the manner there pointed out. To perfect and complete an entry thereunder it is essential that all necessary facts be shown and formal application made to the land department in accordance with its rules and regulations. These regu-

lations and requirements entered into and became a part of the contract in question; for it was known by the parties that only by their observance could the alleged homestead right be effectually asserted, and the parties are as a matter of law bound by the result of an application formally made to the department to locate the land. State v. District Court of St. Louis County, 90 Minn. 457, 97 N. W. 132; Larkin v. Glens Falls Ins. Co., 80 Minn. 527, 83 N. W. 409, 81 Am. St. 286; Von Hoffman v. Quincy, 71 U. S. 535, 18 L. Ed. 403; Edwards v. Kearzey, 96 U. S. 595, 24 L. Ed. 793; Douglass v. County, 101 U. S. 677, 25 L. Ed. 968; Haskett v. Maxey, 134 Ind. 182, 33 N. E. 358, 19 L. R. A. 379; Collins v. Collins, 79 Ky. 88. That was the only tribunal qualified or with jurisdiction to determine the existence of the facts essential to the alleged right, and its conclusion therein precludes further inquiry by the courts. Burfenning v. Railway Co., 163 U. S. 321, 16 Sup. Ct. 1018, 41 L. Ed. 175; Gardner v. Bonestell, 180 U. S. 362, 21 Sup. Ct. 399, 45 L. Ed. 574; Johnson v. Drew, 171 U. S. 93, 18 Sup. Ct. 800, 43 L. Ed. 88; Bishop Iron Co. v. Hyde, 66 Minn. 24, 68 N. W. 95. The documents in the case at bar, represented by defendant to confer the asserted right, were presented to the general land office and there rejected in a formal ruling as defective and insufficient because of a failure to disclose the necessary facts. That decision is binding upon defendant, if he was a party to the proceedings before the commissioner, or had an opportunity to be heard before it became final. That he had that opportunity, and in fact through his agent presented the application, the complaint sufficiently alleges. It charges that the certificate was in the name of Edgar A. Coffin, and that defendant, as a part of the transaction, agreed that he (Edgar) would locate the land selected by Rogers, and when title was perfected convey the same to Rogers by special warranty deed. It further alleges that Edgar made the application, which was rejected for the reasons already stated. This afforded every opportunity the law secures to a person occupying defendant's position in a case of this kind, and he is concluded by the result.

It follows that the demurrer was properly overruled, and the order appealed from is affirmed.