## S. A. MITCHELL v. W. W. REMINGTON.[1]

December 3, 1915.

Nos. 19,486—(148).

**Construction of contract.**

> A contract for the sale of a controlling interest in a bank, closed with this sentence: "The whole part of this contract relating to loans to become void June 1st, 1914." It is held that this provision limits the time within which the loss guaranteed against must occur in order to create a liability, but does not fix the time within which suit upon the liability must be brought.

Action in the district court for Hennepin county to recover $694.95. The facts are stated in the opinion. The case was tried before Steele, J., who made findings and ordered judgment in favor of plaintiff for $589.95. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*C. E. Purdy* and *J. B. Faegre,* for appellant.

*R. E. Plankerton,* for respondent.

[1]Reported in 154 N. W. 1070.

HOLT, J.

By a contract, dated May 24, 1913, plaintiff agreed to buy from defendant 127 shares of the capital stock of the Hood River Banking and Trust Company of Oregon for $14,250; $2,500 thereof was deposited by the buyer in escrow and the balance was to be paid within three months of the date mentioned, and the shares of stock were then to be delivered. In the contract defendant guaranteed that there were no judgments or liens pending against the bank, and that no earnings would be taken out during the time of the contract except for ordinary expenses, and that the books were in balance and would be so at the expiration of the contract. "The time of the contract" and "expiration of the contract" evidently refer to the time of three months within which the balance of the purchase price was to be paid. The contract, wherein plaintiff is designated the first party and defendant the second party, closes with this paragraph:

"Said W. W. Remington hereby guarantees to said first party the proportion of (127/250) one hundred twenty-seven two hundred-fiftieths against any loss on loans now held by said bank. This part of this contract to become void sixty days after stock above mentioned is delivered to said first party except on such loans as have not been paid or satisfactorily renewed at that time. Liability of said 2nd party on all loans to be released or cease as said loans are paid or renewals made satisfactory to said first party. The whole part of this contract relating to loans to become void June 1st, 1914."

At the date of the contract there were many promissory notes among the assets of the bank. Several of these proved to be uncollectable, or worthless; and, subsequent to June 1, 1914, plaintiff brought this suit to recover from defendant the loss thereby occasioned, basing the right of recovery upon the provisions above set out. The court rendered judgment for plaintiff and defendant appeals.

For the purposes of this appeal defendant concedes a liability for a small shortage in the cash, for which amount and costs, he is willing the judgment should stand. But the inclusion in the judgment of any amount for loss resulting from worthless notes is vigorously assailed. The contention of defendant is that the last sentence in the contract is a limitation or bar to any suit arising under it; that on June 1, 1914,

the contract was obliterated as completely as if it had never existed, and no right of action remains thereon even if the liability arose prior to that date. Plaintiff, on the other hand, construes it as merely limiting the time within which the liability must accrue. We are inclined to agree with plaintiff, and the trial court. If such construction be correct, the judgment is undoubtedly right, for the notes involved in the recovery were part of the assets of the bank at the date of the contract; none of them were ever renewed or paid, and there was a total loss as to each prior to June 1, 1914, except a small part payment upon one of them for which the court made due allowance.

Drafters of contracts are not always accurate lawyers, carefully selecting the most apt words to express the meaning intended. Evidently the person who drew this contract doubted that the word "void," where it first appears in the quoted paragraph, adequately expressed the meaning sought to be conveyed, for he follows with a sentence to make the intention clear. In arriving at the true intent of an obscure provision in a contract not only may the whole agreement be considered, but also the situation of the parties and the evident purpose of the stipulation. Here plaintiff bargained for the controlling interest in a bank owned by defendant. The bank had been operated by defendant who presumably knew its condition and the value of its assets, $60,000 of which was represented by promissory notes. Plaintiff had not been connected with the bank and does not appear to have had any knowledge of the responsibility of the makers of these notes. He was to pay quite a sum in cash for defendant's interest in the bank. The price was more than the par value of the shares of stock. Undoubtedly plaintiff desired defendant to guarantee against any depreciation in the value of the shares bought, which might result from worthless or uncollectable notes then among the assets of the bank. At the same time, we may well infer that defendant desired the bank to use all reasonable effort and speed to collect or adjust these notes which he vouched for, so that his liability, if any, might be ascertained within a definite time. In this situation we think the last sentence of the contract was intended to limit the time within which the loss upon the loans, held by the bank when plaintiff took possession of defendant's interest, should occur, in order to create a liability upon the guaranty. We do not think either party had any thought

131 M.—18.

of placing a limitation by contract upon the time within which a cause of action could be brought. Defendant cites Mackey v. Ames, 31 Minn. 103, 16 N. W. 541, construing the word "void," in a contract to convey real estate, as determinative here. We do not so regard it. There, if a contingency should arise which made it impossible for the vendor to convey good title, the contract was to be "void." It was held that if the contingency did occur the agreement to convey was at an end. Here it may be said that, as to the contingency of loss which should occur prior to the date specified, liability on the guarantee attached, but liability was at an end as to any loss subsequent thereto.

Defendant invokes the doctrine that the liability of sureties is *strictissimi juris*, citing Cushing v. Cable, 48 Minn. 3, 50 N. W. 891. But we observe that he is not the ordinary surety or guarantor who reaps no personal benefit from the contract. Here defendant obtained the whole consideration moving from plaintiff.

The judgment is affirmed.