## PROCTOR v. PAINTER et al.*

(Circuit Court of Appeals, Ninth Circuit. November 15, 1926.)

No. 4703.

1. **Public lands** ⬳103(4)—**Courts cannot determine private rights in public land title to which is in United States.**

While title to public land remains in the United States, courts are without jurisdiction to determine rights therein in a suit between private parties.

2. **Public lands** ⬳113—**Patents for land previously granted, reserved, or appropriated are void.**

Patents for public lands, which have been previously granted, reserved, or appropriated, are absolutely void.

3. **Public lands** ⬳116—**Patent not void because of erroneous determination of facts.**

If the Land Department has jurisdiction to dispose of public land and to issue a patent therefor, an erroneous determination of the facts upon which the right to a patent depends or an entire failure to determine such facts, will not avoid the patent.

4. **Public lands** ⬳114(4)—**Homestead patent to coal lands held ineffective to pass title to coal (Comp. St. §§ 4666–4668).**

Under Act June 22, 1910 (Comp. St. §§ 4666–4668), authorizing homestead entry on lands withdrawn or classified as coal lands or valuable for coal with reservation to the United States of the coal thereunder and right to prospect for, mine, and remove the same, the Land Department is without jurisdiction to dispose of such coal, and issuance of a patent for the homestead without reservation is ineffective to pass title thereto.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Suit in equity by Edward Proctor against Harry E. Painter and the Elk Coal Company. Decree for defendants, and complainant appeals. Affirmed.

For opinion below, see 300 F. 476.

F. C. Reagan, of Seattle, Wash., for appellant.

George Donworth, Elmer E. Todd, Frank E. Holman, and Charles T. Donworth, all of Seattle, Wash., for appellee Elk Coal Co.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

RUDKIN, Circuit Judge. March 27, 1917, the plaintiff in this suit filed his coal declaratory statement for the northeast quarter of section 34, township 22 north, range 7 east W. M. May 14, 1919, the Department of

*Rehearing denied January 31, 1927.

the Interior denied his application to purchase. March 24, 1920, the appellee Painter received a patent from the United States for the south half of the quarter section in question, and other lands, under the Act of June 22, 1910 (36 Stat. 583 [Comp. St. §§ 4666–4668]), which provides that unreserved public lands of the United States, exclusive of Alaska, which have been withdrawn or classified as coal lands, or are valuable for coal, shall be subject to appropriate entry under the homestead laws by actual settlers only, and that patents therefor shall contain a reservation to the United States of all the coal in the land so patented, together with the right to prospect for, mine, and remove the same. The patent to Painter contained no such reservation. August 22, 1922, the United States leased to the appellee coal company 600 acres of section 34, including the entire quarter section claimed by the appellant, under the Leasing Act of February 25, 1920 (41 Stat. 437 [Comp. St. §§ 4640¼–4640¼ss]).

April 9, 1923, the present suit was instituted and a lis pendens was filed in the office of the county auditor. February 20, 1924, Painter quitclaimed to the United States all coal underlying the homestead claim, together with the right to prospect for, mine, and remove the same in accordance with the Act of June 22, 1910, supra. The purpose of the present suit was to declare Painter trustee of the lands patented to him and to enjoin the coal company from entering upon or otherwise interfering with the rights of the appellant in or to the entire quarter section. From a decree dismissing the complaint the present appeal is prosecuted.

[1] As will be seen from the foregoing statement, the title to the north half of the quarter section in question is still in the United States and is now in the possession of the coal company, as a lessee from the United States under the Leasing Act, so that as to that part of the tract the case is controlled by Wilson v. Elk Coal Co. (C. C. A.) 7 F. (2d) 112, certiorari denied 269 U. S. 587, 46 S. Ct. 203, 70 L. Ed. ——.

As to the south half of the quarter section the appellant contends that title passed absolutely to Painter under his patent, because the patent contained no reservation of the underlying coal, and that the right of the appellant to proceed against Painter was not affected by the subsequent quitclaim to the United States. If the appellant is right in this contention it may be that he was not affected by the reconveyance to the United States pendente lite, but on that question we

need express no opinion. See United States v. Mayse (C. C. A.) 5 F.(2d) 885.

[2, 3] The question whether a patent from the United States for public lands is valid or invalid is not always one of easy solution. The Supreme Court has repeatedly held that patents for lands which have been previously granted, reserved or appropriated are absolutely void. Morton v. Nebraska, 21 Wall. 660, 22 L. Ed. 639; St. Louis Smelting Co. v. Kemp, 104 U. S. 636, 26 L. Ed. 875; Burfenning v. Chicago, St. Paul, etc., R. Co., 163 U. S. 321, 16 S. Ct. 1018, 41 L. Ed. 175; Salt Lake Inv. Co. v. Oregon Short Line, 246 U. S. 446, 38 S. Ct. 348, 62 L. Ed. 823. On the other hand, if the Land Department has jurisdiction to dispose of the land and to issue a patent therefor, an erroneous determination of the facts upon which the right to a patent depends, or an entire failure to determine such facts, will not avoid the patent. Burke v. Southern Pacific R. Co., 234 U. S. 669, 34 S. Ct. 907, 58 L. Ed. 1527.

[4] Inasmuch as the authority or jurisdiction to issue patents for coal underlying public lands which have been withdrawn or classified as coal lands, or are valuable for coal, was entirely withdrawn from the Land Department by the act of 1910, supra, it would seem that this case is controlled by the former rule, because the land in question was known to be valuable for coal at the date of the issuance of the patent, if it was not then classified as such. It was so alleged in the complaint and it so appeared from the application for the patent itself. It would seem therefore that the patent was void in so far as it attempted to convey the underlying coal, unless the proper reservation is read into the patent.

But, whether this view is correct or not, the United States was at all times unquestionably the equitable owner of the coal underlying the land, notwithstanding the unauthorized homestead patent, and if we disregard the reconveyance by the patentee entirely, such equitable ownership would of itself make the United States a necessary and indispensable party to any proceeding in which it was sought to control the title to the underlying coal.

For these reasons there is no distinction or difference between the claims to the patented and unpatented lands. We are not now concerned with any claim or right the appellant may have against the patentee for the surface title because no such claim was made in the court below and no such claim is made in this court.

The decree is affirmed.