## INDEPENDENT PIER CO. et al. v. NORTON, Deputy Com'r, et al.

### No. 4696.

Circuit Court of Appeals, Third Circuit.

Dec. 26, 1931.

Louis Wagner, Richard A. Smith, and Thomas J. Clary, all of Philadelphia, Pa., for appellants.

Thomas E. Brehoney, of Philadelphia, Pa., for appellee Morley.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

WOOLLEY, Circuit Judge.

Patrick Morley, a stevedore, having been injured aboard a ship in the harbor of Philadelphia, claimed compensation for his in-

jury under the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424 (33 USCA § 901 et seq.). There were three hearings. At the first the Deputy Commissioner found that Morley had for some time suffered from arthritis in his left knee, that the ailment was greatly aggravated by the injury, and that it totally incapacitated him for work as a stevedore. He allowed compensation accordingly. About that order there is no trouble. It was accepted by both the employee and employer as final, and under it compensation was paid until, sometime later, the employer asked for its modification on the ground that Morley's condition had changed and that he was no longer totally disabled. The Deputy Commissioner, after a hearing and a finding of continued total disability, denied the application. Still later, the employer filed another application for modification—really for nullification—of the outstanding order on the ground that Morley was no longer suffering from any disability. The Deputy Commissioner, on a third hearing, the one here in question, modified the original order on a finding that the employee was suffering from partial disability in consequence of the injury and was by reason thereof sustaining a wage loss equal to twenty-five per cent. of his average weekly wages. On the employer's bill for review the District Court sustained the last order of the Deputy Commissioner. The employer and its insurance carrier appealed.

Before approaching the questions in this case it should be noted that two tribunals are involved; one, the United States Employees' Compensation Commission, the other, the District Court of the United States. As each has, solely by force of the Act, a special and limited jurisdiction in the premises, we shall pause and examine the part which the act intends each should play in a case of this kind.

The Longshoremen's and Harbor Workers' Compensation Act is administered by the United States Employees' Compensation Commission acting on cases of injury through Deputy Commissioners having jurisdiction in their respective districts.

■ The Commission is a tribunal with executive or administrative functions which involve to a certain extent the exercise of judicial powers. It is similar to many other tribunals created especially to administer some one law or system of laws, as the Post Office Department, Land Department, Veterans' Bureau, Immigration Board, Commissioner of Internal Revenue in reference to the Na-

tional Prohibition Act. Ma-King Products Co. v. Blair, 271 U. S. 479, 483, 46 S. Ct. 544, 70 L. Ed. 1046; Bates & Guild Co. v. Payne, 194 U. S. 106, 108, 109, 24 S. Ct. 595, 48 L. Ed. 894; Burfenning v. Chicago, St. Paul, M. & O. R. Co., 163 U. S. 321, 323, 16 S. Ct. 1018, 41 L. Ed. 175; Silberschein v. United States, 266 U. S. 221, 225, 45 S. Ct. 69, 69 L. Ed. 256; United States ex rel. Berman v. Curran, Commissioner (C. C. A.) 13 F.(2d) 96, 97; United States ex rel. Squillari v. Day, Commissioner (C. C. A.) 35 F.(2d) 284, 286. Findings of fact made by these tribunals are uniformly regarded as conclusive. Cases supra. Even so, by some acts and expressly the Act here in question, jurisdiction to review and reverse a decision of the administrative tribunal is conferred upon the District Court in the appropriate district, if the decision "is not in accordance with law." Its jurisdiction does not extend to a review on the merits empowering the court to arrive at a different judgment on the same facts but is limited to an inquiry and decision whether on the law and the facts the action of the tribunal is based upon an error of law or is wholly unsupported by the evidence or clearly arbitrary or capricious. Therefore the first and main question before the District Court and here on appeal is this:

Does the record disclose any substantial evidence on which the order could lawfully be based?

■ The evidence at the hearing was sharply conflicting. That of the doctors was to the effect that, while Morley might still suffer pain from the osteoarthritis joint, he greatly exaggerated it and it was not enough to prevent him from returning to work. Morley, on the other hand, testified that he had been unable to do work of any kind since the day of the accident because of pain in his knee when doing anything that required placing weight or strain on his leg and that it is impossible for him in this condition to take a place and work in a stevedore gang where the work of its members is related and interdependent. While there was testimony that Morley had been seen drunk, there was none that his knee trouble was caused or aggravated by drinking habits. Although the weight of the evidence was against Morley, the District Court was, as we have shown, without power to review and reverse the order according to the preponderance of evidence. The decisive point is there was evidence (by Morley) which, believed, as it was, by the Deputy Commissioner, sustains his finding of partial disability.

■ When there is a finding of partial disability, there is always, from the very nature of such cases, trouble in finding and deciding the precise proportion or percentage of disability reflecting loss in wages. That it was something less than one hundred per cent. is, of course, not contested in view of the finding of a change from total disability to partial disability. The finding that disability, partial in degree, still existed and prevented Morley from returning to his work and earning wages as a stevedore was in effect a finding that he was able to do some lighter work producing wages. That his partial disability produced a wage loss precisely equal to twenty-five per cent. of his average weekly wages, there was, of course, no evidence, as we surmise that such cases are rarely susceptible of evidence of wage loss with mathematical precision. The finding therefore was an approximation which, when nothing else is possible, is permissible in administering this Act if fairly supported by the facts and circumstances of the case, as is indicated by the terms of the act (section 23, infra [33 USCA § 923]) liberalizing the procedure.

■ The appellants' next question is:

"Where the Deputy Commissioner * * * hears and decides an application for compensation under the Act and makes an order which is complied with and, subsequently, on further application to him, on a ground of alleged change in conditions, a further hearing is had, may the Deputy Commissioner consider as evidence on the second application the testimony on the first application, without any agreement of the parties and without the same being received as evidence in the second hearing?"

We hold he may. This must be so, from the nature of the subject matter and the plain intendment of the Act. The Act deals with compensation for accidental injuries sustained by workmen of a given class. It recognizes that such injuries may be permanent or temporary, producing, in either case, disability that may be total or partial. The Act does not make compensation await the ultimate outcome of an injury but provides an immediate hearing and permits a finding of disability of some character and in some degree with a corresponding award of compensation. An order made on that hearing is final as to the employee's condition at that time, but the Act also recognizes that disability though total for a time may, in time, become partial or disappear altogether. There-

fore it provides that the employer may at any time during the term of an award apply to the Deputy Commissioner for its modification on the representation of a change in the employee's condition. Section 22 of the act (33 USCA § 922). Also, the Deputy Commissioner need not wait for such an application but may institute proceedings for modification upon his own initiative, calling upon the parties for testimony. At such a hearing, as at the original one, the Deputy Commissioner is "not * * * bound by common law or statutory rules of evidence or by technical or formal rules of procedure, except as provided by (the) Act; but may make such investigation or inquiry or conduct such hearing in such manner as to best ascertain the rights of the parties." Section 23. Therefore, the hearing on a change in conditions lacks the formalities of a trial in court; it is a hearing on a new aspect of the same case and necessarily is an inquiry as to the continuance of the employee's condition proved at the first hearing. As his condition at the first hearing was disclosed by evidence of the injury and consequent disability, evidence of change in his condition on an application for modification has inescapably a direct bearing on the evidence of his condition in the first instance. To determine whether his condition has changed, as alleged, the evidence of the first hearing must be either in the mind or under the eye of the Deputy Commissioner at the hearing for modification, or it must be introduced over again, for otherwise he would be called upon to find a change in an undisclosed condition, which of course would be impossible. It would seem futile to require the employer, at the second hearing, to re-produce the same witnesses and introduce again the same evidence as a foundation for modification of the order or to require the employee to do so in resisting modification, in view of the plain purpose of the Act and the liberality in procedure expressly provided by section 23. A hearing on an application for modification because of alleged change in conditions is but another hearing on a new phase of the same case. It is therefore only sensible to regard the evidence introduced on the first phase as still in the case.

The decree of the District Court is affirmed, and a fee of twenty-five dollars for services on this appeal is allowed the attorney for the appellee under authority of section 28 (a) of the Act (33 USCA § 928 (a).