**SPRATT v. CROWELL et al.**

No. 2255.

District Court, S. D. Alabama.

Aug. 24, 1933.

Robert T. Ervin, Jr., of Mobile, Ala., for plaintiff.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, Ala., for defendant Tennessee Coal & Iron Co.

Alex C. Birch, of Mobile, Ala., for defendant Letus N. Crowell.

ERVIN, District Judge.

This is a proceeding by Spratt to enjoin as not in accordance with law an order entered by Crowell, as Deputy Compensation Commissioner, denying a claim for partial disability under the Longshoremen's and Harbor Workers' Compensation Act (33 USCA §§ 901–950), filed by Spratt.

Spratt was working as a stevedore loading a vessel with steel beams for the Tennessee Coal & Iron Railroad Company, and had his right hand caught between one of the beams and a piece of iron, breaking the second metacarpal bone.

The physician for the company treated it and reported that he was partially disabled, but able to do light work. So he reported, and was put to cutting grass, which he did a short while, and then claimed he was unable to do that work, and went home. On reporting later he was again ordered to cut grass, which he declined to do, and was discharged.

The company declined to pay him compensation under the act.

A claim was filed and a hearing had before the Deputy Commissioner who rejected the claim.

There is only one question presented, and that is whether, under the terms of the act, an offer by the employer to a partially disabled employee, of work of an entirely different character from that he was employed to do, and of a kind not covered by or within the protection of the act, can be forced on him.

Three provisions of the act bear on the question, viz.: Subdivision (10) of section 2, 33 USCA § 902 (10): "'Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the *same or any other employment*."

Subdivision (c) (21), § 8, 33 USCA § 908 (c) (21): "In all other cases in this class of disability the compensation shall be 66⅔ per centum of the difference between his average weekly wages and his wage-earning capacity thereafter *in the same employment or otherwise*, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the deputy commissioner on his own mo-

tion or upon application of any party in interest."

Subdivision (e), § 8, 33 USCA § 908 (e): "In case of temporary partial disability resulting in decrease of earning capacity the compensation shall be two-thirds of the difference between the injured employee's average weekly wages before the injury and his wage-earning capacity after the injury in the *same or another employment,* to be paid during the continuance of such disability, but shall not be paid for a period exceeding five years." (Italics mine.)

It must be conceded that under these provisions the injured employee cannot insist on being put back in the same employment, but whether the character of employment can be changed, and particularly whether other employment that takes him out of the protection of the act can be forced on him is an entirely different proposition. Candado Stevedoring Co. v. Locke (D. C.) 57 F.(2d) 905, 907.

█ It is urged that these provisions were copied from the Disability Act of New York (Consol. Laws N. Y. c. 67), and hence the New York construction of that act becomes binding.

It seems to be true that the quoted provisions were copied from the New York act, and it is also true that the New York courts have held that the partially disabled workman is required to take any lighter work that may be tendered him.

The New York act is a general compensation act covering practically all the various activities employing workmen while the Longshoremen's and Harbor Workers' Compensation Act is a limited one covering only one general class of work, so it can be easily seen that many expressions found in one of these acts will be found inapplicable to the other, so that the definitions or constructions placed upon these should not be held binding when questions arise under the other, unless it is clear that they apply.

Remembering that the federal act applies only to workmen engaged in maritime employments, let us now examine the question and see how it might be used if we adopt the idea that any light work offered by a maritime employer to a partially disabled employee must be accepted.

Suppose a stevedore receives an injury and he should be offered carpenter's or cabinet maker's work, this would be light as compared with the work he has been doing, but it would be work he was not fitted to do, he would not be possessed of the necessary skill in the use of the tools of this trade.

There are innumerable instances that can be stated to illustrate the point. Now, if the workman declines the work, he is discharged for refusal to accept the work. It is not hard to imagine a shrewd employer maneuvering an injured employee into such a position. But it will be said the work must be such as he can do.

This qualifies the proposition that any light work tendered must be accepted. Again remembering that the instant act only contemplates and protects maritime employees, should such an employee be required to accept an employment that would take him out of the protection of this act.

I am quite sure that the Congress never contemplated any such consequences when they passed the act.

█ A proper construction of the words, "the same or any other employment," should be any other employment of like or similar kind of work that the injured workman could perform, work of the same nature or class.

In the instant case the work offered was not of a maritime nature, but cutting grass.

If this man had accepted this work he would not have been protected by the Longshoremen's & Harbor Workers' Compensation Act while performing it.

█ Conceding that the decision of the Deputy Commissioner would be binding on the question of fact as to whether the man could have done the work tendered, his determination that the act covered such work necessarily raises the question as to whether his decision is in accordance with the law.

█ The act is to be liberally construed in favor of the injured worker. Zurich Gen. Accident & L. Ins. Co. v. Marshall (D. C.) 42 F.(2d) 1010; Baltimore & Ohio R. R. Co. v. Clark (D. C.) 56 F.(2d) 212.

A decree will be entered setting aside the finding of the Deputy Commissioner as not in accordance with law.