POCAHONTAS FUEL CO., Inc., et al. v. MONAHAN, Deputy Commissioner, et al.

District Court, D. Maine, S. D. August 3, 1929.

No. 913.

Wm. B. Mahoney, of Portland, Me., for plaintiffs.

Edward J. Harrigan, of Portland, Me., for defendants.

PETERS, District Judge. This is a bill in equity brought by the Pocahontas Fuel Company and its insurance carrier to set aside an award of compensation made by the deputy commissioner under the provisions of the United States Longshoremen's and Harbor. Workers' Compensation Act (33 USCA §§ 901–950).

By reason of the wording of section 21 (b) of the act referred to (33 USCA § 921(b), the court in such a case as this is limited to the inquiry as to whether or not the compensation order made by the deputy .commissioner is in accordance with law; if not, it may be set aside through injunction proceedings.

The plaintiffs' first claim is that the act does not apply, and that the deputy commissioner had no jurisdiction because· there was no sufficient evidence that the death resulted from an injury occurring upon navigable waters of the United States. The act specifies that compensation under it shall be payable only in case the death results from injury occurring upon navigable waters and in case recovery through workmen's compensation proceedings cannot validly be had under state law. Under the same section, which is section 3 of the act (33 USCA § 903), it is also provided that no compensation shall be.payable if the injury was occasioned solely by the intoxication of the employee or by willful intent of the employee to injure or kill himself or another. Under section 20 (33 USCA § 920), under the head of "Presumptions," it is provided that, in proceedings for the enforcement of a claim under this act, it shall be presumed, in the absence of satisfactory evidence to the contrary—

"(a)—That the claim comes within the provisions of this Act.

"(b)—That sufficient notice of such claim has been given.

"(c)—That the injury was not occasioned solely by the intoxication of the injured employee.

"(d)—That the injury was not occasioned by the willful intention of the injured employee to injure or kill himself or another."

I take it that the provision under (a), that any claim is presumed to be within the provisions of the act, refers to other circumstances than the jurisdictional fact of the accident occurring upon navigable waters. The act does not say that, when a claim is

made, there shall be a presumption that the accident occurred upon navigable waters. I regard this as a fundamental jurisdictional fact which must appear to exist. Otherwise the whole act is inapplicable.

Counsel for plaintiffs argue that there is no sufficient evidence that the deceased was injured on the vessel. He was discovered to be injured after he had walked from the vessel onto the wharf; whereupon he was taken to a hospital and subsequently died from the effects of a blow on the head. He stated on his way to the hospital that he had been hit on the head by a lump of coal falling from a beam in the hold of the ship while he and others were dislodging such lumps of coal for the very purpose of preventing such accidents. The act provides that declarations of the deceased employee concerning the injury may be received in evidence, and, if corroborated, be sufficient to establish the fact of injury. In this case evidence establishing the fact of injury would necessarily establish the place where the injury occurred.

From the record in the case it appears that the deceased employee was at work in the hold of the ship on the morning of the accident, cleaning down coal from the beams or stringers overhead. A fellow workman testified that the last he saw of the deceased he was picking up lumps of coal and throwing them at the lumps on the beams to knock them down. No one saw the accident. Presently the deceased was seen on the wharf holding his hand to his head, evidently requiring assistance, and made the statement, upon inquiry, that he had been struck on the head by a lump of coal. There was a cut on his head; and on the way to the hospital where he was taken immediately he made a further detailed statement to the same effect. While his statement that he was struck on the head by a piece of coal is not corroborated by any witness who saw the actual occurrence, there is ample justification from all the evidence and the circumstances for the conclusion that the accident occurred on the ship, and therefore that the Longshoremen's Compensation Act applies. This being the case, it is apparent that no conclusions of the deputy commissioner can be disturbed as not being in accordance with the law, because they have evidence to support them.

There are certain other objections raised by plaintiffs to the report of the deputy commissioner, but they do not have sufficient merit to authorize me, by injunction proceedings, to set aside any part of the order. The deputy commissioner is given wide authority; his findings are conclusive if there is any evidence to support them. Having found that he was justified in taking jurisdiction in the matter, I am not authorized to interfere unless it appears that his proceedings were not in accordance with law, and I cannot say that such is the fact.

The bill will have to be dismissed, with costs.