**WHEELING CORRUGATING CO. v. McMANIGAL, Deputy Com'r of U. S. Employees' Compensation Commission (GRIER, Intervener).**

**No. 2991.**

Circuit Court of Appeals, Fourth Circuit.

June 10, 1930.

Wright Hugus, of Wheeling, W. Va., and Gordon D. Kinder, of Martins Ferry, Ohio (J. E. Bruce, of Wheeling, W. Va., on the brief), for appellant.

Arthur Arnold, U. S. Atty., of Piedmont, W. Va., and William C. Howard, Asst. U. S. Atty., of Wheeling, W. Va., for appellee McManigal.

David H. James, of Bridgeport, Ohio, for appellee Grier.

Before PARKER and NORTHCOTT, Circuit Judges, and SOPER, District Judge.

PARKER, Circuit Judge.

This was a suit to enjoin the enforcement of an award made to Anna Grier, widow of Charles W. Grier, under the provisions of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424 (33 USCA § 901 et seq.). From an order refusing to hear additional testimony, denying the injunction, and dismissing the suit, the complainant, the Wheeling Corrugating Company, has appealed. Complainant makes three contentions: (1) That the award of the Deputy Compensation Commissioner was not supported by any evidence or was at least contrary to the weight of the evidence, and must therefore be deemed contrary to law within the meaning of the Compensation Act; (2) that the court should have heard additional evidence and passed upon the liability of the complainant de novo; and (3) that, if the act be so construed as to make the findings of the commissioner on questions of fact binding upon the court, the act violates the Constitution of the United States, in that it vests judicial power in an official of the executive department of the government.

The decedent Grier, on May 20, 1928, was employed as a carpenter foreman on a barge in the Ohio river. He was working at night and when last seen was going to get a lantern suspended from a timber head at the end of the barge. He did not return and his body was found next day in the river near the barge. Compensation was sought by his widow under the Longshoremen's and Harbor Workers' Compensation Act on the theory that, while in the performance of his duty, he had accidentally fallen from the barge and been drowned. Complainant, a self-insurer under the act, resisted the award of compensation on the theory that decedent had not been drowned, but had suffered a heart attack, or had come to his death from some other natural cause.

The matter was heard at length before a Deputy Compensation Commissioner. On the part of the claimant, it was shown that the body of decedent, when recovered, had the appearance of having been drowned, and that water came from his mouth and nose in sufficient quantities to indicate that this was what had happened. Complainant, on the other hand, showed that, upon the recovery of the body, the mouth was found to be closed with the teeth set and the stump of a cheroot clinched between them, and that very little water came from the mouth and nose. From this it was argued that death could not have been due to drowning but must have resulted from natural causes. There was no evidence, however, that decedent had heart trouble or other disease likely to result in sudden death. On the contrary, the evidence was that he was in good health, but was unable to swim.

The Deputy Commissioner found as a fact that decedent was drowned while engaged in the performance of his duties and awarded compensation to claimant in accordance with the provisions of the act. Complainant thereupon instituted this suit alleging that the compensation order was not in accordance with law and asking that same be reviewed and set aside by the court. Upon the hearing the request was made that the case be reopened and additional evidence be heard. This was denied, and the case being heard upon the evidence taken before the Deputy Commissioner, the District Judge found for defendant and dismissed the bill.

We think that the court below was correct in not reopening the case for the hearing of additional testimony; and, after a careful examination of the record, we are satisfied that the findings of the Deputy Commissioner were supported by substantial evidence and that the suit was properly dismissed.

The section of the statute, section 21(b), under which it was instituted, 44 Stat. 1436, 33 USCA § 921 (b), is as follows:

"If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred."

The jurisdiction of the court to entertain the suit depends upon this statute; and if we look merely to its language, it is clear that it does not contemplate a hearing de novo in the District Court or authorize that court to weigh the evidence taken before the Deputy Commissioner or review the facts as found by him. The compensation order may be set aside only if it is found to be "not in accordance with law," i. e. if it is based upon error of law, or is not supported by any substantial evidence, or is so manifestly arbitrary and unreasonable as to transcend the authority vested in the Deputy Commissioner. His findings of fact, however, if supported by substantial evidence, are conclusive. This is the rule uniformly applied to the findings of officials or boards in the executive department, charged with the duty of finding facts, and subjected to review by the courts when their orders are "not in accordance with law." See Old Colony Trust Co. v. Com'r, 279 U. S. 716, 49 S. Ct. 499, 73 L. Ed. 918, and Ox Fibre Brush Co. v. Blair (C. C. A. 4th) 32 F.(2d) 42, as to findings of fact by the Board of Tax Appeals; Williamsport Wire Rope Co. v. U. S., 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985, as to determination of "special assessment" by the Commissioner of Internal Revenue; Virginian Ry. Co. v. U. S., 272 U. S. 658, 47 S. Ct. 222, 71 L. Ed. 463, and Anchor Coal Co. v. U. S. (D. C.) 25 F.(2d) 462, 471, and cases there cited, as to findings by the Interstate Commerce Commission; Federal Trade Commission v. Eastman Kodak Co., 274 U. S. 619, 623, 47 S. Ct. 688, 71 L. Ed. 1238, as to findings by the Federal Trade Commission; and Passavant v. U. S., 148 U. S. 214, 217, 13 S. Ct. 572, 37 L. Ed. 426, as to findings by the Board of Customs Appraisers. We see no reason why the rule laid down in these cases as to findings of facts by officials of the executive department is not applicable here.

And when we look to the reason and spirit of the act we are led to the same con-

clusion. The statute in question is modeled upon the New York Workmen's Compensation Law, upheld in New York Central R. Co. v. White, 243 U. S. 188, 37 S. Ct. 247, 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629. Its purpose is to extend to the workers upon navigable waters of the United States, who cannot be reached by state legislation, the benefits of a compulsory system of compensation for disability or death resulting from injuries received in the course of their employment. This system of compensation is based, not upon ancient. fictions of the law, but upon the principles of industrial insurance in application of the theory that industrial accidents, whether due to the negligence of the worker or not, are a hazard of the business; and that they should be borne, not by the individual worker, but by the industry in which he is engaged. Chief among the benefits of the act is that it eliminates the delay and expense incident to litigation; but this benefit would be largely if not entirely lost if, upon application for injunction, the court should be under the necessity of hearing de novo the claim for compensation or of weighing the evidence and passing upon the facts. If such were the law, the courts would be appealed to in practically every contested case, counsel would be as necessary as formerly, and the provision for hearing before the Deputy Commissioner, instead of eliminating the delay of litigation, would increase it. This certainly was not the intention of Congress.

Another reason for thinking that it was not intended that a hearing de novo or a review of the facts by the court should be had, is that section 22 of the act (33 USCA § 922) provides that the Deputy Commissioner upon his own initiative, or upon application of any party in interest, may review the original order and, on the ground of a change in conditions, issue a new order terminating, continuing, increasing, or decreasing the compensation. Such new order is, of course, subject to the power of the court to suspend or set it aside "if not in accordance with law"; and it is not thinkable that Congress should have intended a hearing de novo before the courts, with a review of the facts, in all such cases.

The question here involved seems not to have been decided by the Supreme Court or by any of the Circuit Courts of Appeals. The conclusion at which we have arrived, however, is that reached by Judge William C. Coleman of the District of Maryland in Obrecht-Lynch Corporation v. Clark, 30 F.(2d) 144, by Judge Dickinson of the Eastern District of

Pennsylvania in Merchants' & Miners' Transp. Co. v. Norton, 32 F.(2d) 513, by Judge Peters of the District of Maine in Joyce v. U. S. Deputy Com'r, 33 F.(2d) 218, and Pocahontas Fuel Co. v. Monahan, 34 F. (2d) 549, and by Judge Bourquin of the Western District of Washington in Grays Harbor Stevedore Co. v. Marshall, 36 F.(2d) 814.

It is argued, however, and the argument finds support in the opinion of Judge Ervin of the Southern District of Alabama in Benson v. Crowell, 33 F.(2d) 137, that, if so construed, the statute violates the Constitution of the United States in that it delegates judicial powers to an administrative officer. With this argument we do not agree. The awarding of compensation by the Deputy Commissioner and the finding of facts upon which same is made are not judicial but administrative acts, which cannot be distinguished in principle from findings and orders made by the Trade Commission, the Interstate Commerce Commission, or the Board of Tax Appeals.

The statute establishes a comprehensive plan of compensation and intrusts the administration of same to the United States Employees' Compensation Commission. It fixes the amount of compensation to be awarded in accordance with the rate of wages being received; and in making an award, the deputy commissioner is merely administering the provisions of the statute. As said by the Supreme Court of the United States in Hawkins v. Bleakly, 243 U. S. 210, 216, 37 S. Ct. 255, 258, 61 L. Ed. 678, Ann. Cas. 1917D, 637, in approving the Iowa Workmen's Compensation Act, "The act prescribes the measure of compensation and the circumstances under which it is to be made, and establishes administrative machinery for applying the statutory measure to the facts of each particular case." It is well settled that the delegation to administrative officers of the duty to find the facts necessary to the proper administration of such an act is not the delegation of judicial powers. Hawkins v. Bleakly, supra; Hunter v. Colfax Consol. Coal Co., 175 Iowa, 245, 154 N. W. 1037, 157 N. W. 145, L. R. A. 1917D, 15, Ann. Cas. 1917E, 803; State v. Mountain City Timber Co., 75 Wash. 581, 135 P. 645, L. R. A. 1917D, 10; 28 R. C. L. 749.

And the due process clause of the Fifth Amendment is satisfied by the provision for hearing before an administrative tribunal and for judicial review upon all fundamental and jurisdictional questions such as is given by the provision for injunction proceedings "if

the compensation order is not in accordance with law." Hawkins v. Bleakly, supra, 243 U. S. at page 216, 37 S. Ct. 255, 61 L. Ed. 678, Ann. Cas. 1917D, 637. And so the statute, even when construed as not providing for a hearing de novo on the claim for compensation, is not violative of the Fifth Amendment.

For the reasons stated, we think that the District Judge properly refused to hear additional testimony, and, as it did not appear that the compensation order complained of was not in accordance with law, that he properly dismissed the bill. The decree below is accordingly affirmed.

Affirmed.