**ROTHSCHILD & CO., Inc., et al. v. MARSHALL, Deputy Com'r, et al.**

**No. 748.**

District Court, W. D. Washington, N. D.

June 30, 1930.

See, also, 36 F.(2d) 814; 47 F.(2d) 919.

On March 11, 1929, claimant received a sprain of the lower vertebral ligaments in the area between the fourth and fifth lumbar vertebræ, and was in the hospital until April 16, following. While assisting in stowing lumber in the wings of the ship out of the hatch-coaming, a piece of timber 6x12 or 6x18 and between 30 and 40 feet long was placed on a swinging block about 6 or 8 inches high. The block was about the center of the piece of timber that claimant and another were seeking to lift, and, while lifting this piece of timber past to the stanchion to put in the wing, the grip of the assistant slipped and the weight was placed suddenly upon the claimant, and the force and weight of the timber causing the injury, as stated.

On the 18th day of March, 1929, the injured made complaint to the deputy commissioner of his injury. The deputy commissioner caused a hearing to be held at Port Angeles August 19, 1929, and at Seattle, August 28, 1929, and on September 11, 1929, he entered a compensation order directing that the employer and insurance carrier pay to the claimant certain awards, etc.

On October 10, complaint in equity was filed praying interlocutory injunction to stay the enforcement of the order pendente lite; that compensation order be suspended, set aside, and modified to conform to the actual facts; and for further relief.

The matter was presented to Judge Bourquin, sitting in this district, and on October 21, 1929, injunction pendente lite was denied. Thereafter, on December 23, the same judge rendered a memorandum decision holding that the court is limited to the evidence before the deputy commissioner to determine only whether there is substantial evidence sufficient to sustain the award, and also found there was no substantial evidence to support the award, and set it aside, and directed "the deputy commissioner will proceed accordingly."

On January 9, 1930, the deputy commissioner, upon claimant's request, notified the employer and insurance carrier that a further hearing would be held on January 31, 1930, at a time and place stated. On the 16th day of January, notice was issued changing the date of hearing to January 23, and likewise the place of hearing. On January 17, 1930, the date of hearing was changed to February 4 by notice duly issued and served, and further additional challenge to jurisdiction, protest, and objection to further proceeding were filed—such challenge and protest having been filed to each proposed hearing—and on the same day the attorneys for the employer and insurance carrier issued notice to the deputy commissioner, the United States Attorney, and attorney for the claimant, that an order for a permanent injunction would be presented to the judge rendering the memorandum opinion, on the first motion day at which he is sitting in the city of Seattle. On

February 24, following, an order was signed by the said judge, that the deputy commissioner and the claimant "be and they are and each of them is hereby permanently enjoined *not* to enforce or attempt to enforce or to collect or attempt to collect any sum or provision awarded in that certain compensation order and award of compensation, entered and filed by the defendant deputy commissioner, William A. Marshall, in the aforesaid proceeding under date of September 11, 1929." (Italics supplied.)

On February 4, 1930, the claimant appeared by his attorney and the employer and insurance carrier by their attorneys. The persons who were employed with and assisted in the work of the claimant at the time of his injury, together with the physician who made the examination and treated him at the time of injury, were examined. At the conclusion the attorney for the employer and insurance carrier said: "Mr. Commissioner, I at this time ask for a postponement or continuation of the hearing, without waiving any of our objections, * * * " and after some conversation the hearing was continued until a subsequent time without date; and on March 28, 1930, the deputy commissioner notified the parties that a further hearing would be held April 10, 1930, at a stated time and place. On April 2d, by notice in due form, the hearing was changed to April 21 at a given time and place. On April 21, the hearing was changed to April 23, and, on April 23, the employer and the insurance carrier again challenged the jurisdiction of the deputy commissioner, and protested further hearing; and thereupon the employer and insurance carrier produced certain doctors to testify in their behalf. And thereafter on the 29th day of April, 1930, the deputy commissioner found that, hearing having been had and, after review proceedings in the United States District Court, the court having held the deputy's findings arbitrary, and concluding that "the Deputy Commissioner will proceed accordingly," and further hearings having been held on February 4, 1930, and April 23, 1930, the deputy commissioner finds that on the 11th day of March, 1929, the claimant was in the employ of the employer and the liability of the employer for compensation was under the Longshoremen's and Harbor Workers' Compensation Act (33 US CA §§ 901–950), insured in the insurance carrier above named, and that the claimant, while performing services for the employer upon the navigable waters of the United States, sustained personal injury resulting in his disability while engaged as a longshoreman upon the steamship Ramon Lairinaga, then situated at Port Angeles, in the state of Washington; that the claimant was employed with three other workmen lifting a large timber, strained his back, causing injury resulting in his disability; that the employer furnished medical treatment, etc.; that the average annual earnings of the claimant at the time of his injury was $1,497.60; that the claimant, as a result of his injury, was totally disabled from March 11, 1929, to April 23, 1930, inclusive; and directs the payment to the claimant 58⅜ weeks' compensation at $19.20 per week, less attorney's fees and $37.60 theretofore paid, to be deducted; that additional compensation shall be paid to the claimant until the termination of this disability or the further order of the deputy commissioner; that medical treatment be given and hospitalization furnished. To review which, on May 27, 1930, this proceeding was instituted praying injunction and suspension of the compensation order and award as they are arbitrarily, capriciously, and unjustly made, and unsupported by "evidence sufficient to support same."

Roberts, Skeel & Holman, of Seattle, Wash., for petitioners.

Vanderveer & Levinson, of Seattle, Wash., for claimant.

Anthony Savage, U. S. Atty., and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash., for commissioner.

NETERER, District Judge (after stating the facts as above).

It is obvious that the Congress intended that the Longshoremen's and Harbor Workers' Compensation Act (33 USCA §§ 901–950) be construed liberally in behalf of the injured workers, and has created the deputy commissioner a special tribunal not bound by common law or statutory rules of evidence or by technical or formal rules of procedure to "make such investigation or inquiry or conduct such hearing in such manner as to best ascertain the rights of the parties." 33 USCA § 923. This statutory review (33 USCA § 921) is distinguished from a suit in equity in that the court is limited to the evidence before the deputy commissioner, and may not substitute its judgment as to the weight in conflicting evidence; if there is substantial evidence to sustain the award, the court's jurisdiction ends. O. R. & N. Co. v. Fairchild, 224 U. S. 510, 32 S. Ct. 535, 56 L. Ed. 863; I. C. C. v. Union Pacific R. R. Co., 222 U. S. 541, 32 S. Ct. 108, 56 L. Ed. 308; Ohio Valley Co. v. Van Avon Borough

et al., 253 U. S. 287–297, 40 S. Ct. 527, 64 L. Ed. 908, dissenting opinion. See, also, Zurich Gen. Accident & Liability Ins. Co. v. Marshall, etc., 42 F.(2d) 1010, filed May 9, 1930, this court.

The memorandum filed by Judge Bourquin December 23, 1929, or the order entered enjoining enforcing the stated award February 24, 1930, was not a final judgment of the issue precluding the commissioner from making further examination and order. Any order made by the deputy commissioner may be modified when conditions change (33 USCA § 922), and the court is powerless to cut off this power and duty, and the court did not so intend, as it directed the "Deputy Commissioner will proceed accordingly." The act confers comprehensive powers on the deputy commissioner, with a view to properly protect the rights of all parties. See sections 914, 919, 922, 33 USCA.

The objections to the jurisdiction and protests to hearing by the deputy commissioner cannot obtain. An examination of the record discloses that the claimant was injured. The testimony of the doctor who attended him and of the associates present at the injury disclose that the injury was serious. The impairment of the ligaments in the lumbar region, as disclosed by the attending physician, is not contradicted or modified by the testimony of the physicians who were called by the employer and insurance carrier at the further hearing. Their testimony was all predicated upon conditions of the X-ray which it did or did not demonstrate, and it is conceded that the injury to the ligament between the fourth and fifth lumbar vertebræ was not disclosed upon X-ray, and would not be, but the testimony of the attending physician is positive that it was present; and, considering the circumstances under which the injury was occasioned, the effect upon the claimant, the court cannot say that the finding was capricious and unwarranted. The testimony of the physicians called at the first hearing, in view of the entire record, is not convincing. And there being competent evidence to sustain the finding, the court should not disturb it (Obrecht-Lynch Corp. v. Clark (D. C.) 30 F.(2d) 144). The commissioner observed the demeanor of the witnesses, could weigh the interest or lack of interest displayed, determine where the truth of the matter lay, and the court, merely because physicians disagreed, should not set aside the award. Joyce v. U. S. Deputy Commissioner, etc. (D. C.) 33 F.(2d) 218; see, also, Pocahontas Fuel Co.

v. Monahan (D. C.) 34 F.(2d) 549; and Zurich Gen. Acc. & Liability Co. v. Marshall, supra.

Dismissed.