**GRAVEL PRODUCTS CORPORATION v. McMANIGAL, Deputy Commissioner.**

No. 2033.

District Court, W. D. New York.
Feb. 29, 1936.

Burke & Desmond, of Buffalo, N. Y. (Charles Desmond, of Buffalo, N. Y., of counsel), for New York State Ins. Fund in favor of the motion.

William J. Brock, of Buffalo, N. Y. (George Clinton, Jr., of Buffalo, N. Y., of counsel), for defendant Huston in favor of the motion.

George L. Grobe, of Buffalo, N. Y. (Joseph J. Doran, of Rochester, N. Y., of counsel), for defendant McManigal in favor of the motion.

Brown, Ely & Richards, of Buffalo, N. Y. (Laurence Coffey and W. A. Eldridge, both of Buffalo, N. Y., of counsel), opposed.

RIPPEY, District Judge.

This action was brought in equity to compel the defendant McManigal, deputy commissioner of the United States Employees' Compensation Commission, to determine the workmen's compensation proceeding before him on the merits or for a trial de novo in this court on the question of whether or not the defendant Huston, an employee, was a member of the crew of the steamship Niagara and for other relief, and arises out of facts, which may be stated briefly as follows: On March 29, 1934, Huston entered the employ of plaintiff as a maritime worker to overhaul and repair machinery on the steamer Niagara, then lying in ordinary and out of commission at plaintiff's sand and gravel yard in the Port of Buffalo; the vessel did not have a crew or go into commission or sail until about May 14, 1934. On March 31, 1934, Huston claimed to have been injured while standing on a wooden scaffold in the after cargo hold in the vessel while working on a pipe line, when part of the scaffold gave way and Huston fell to the floor of the hold. On April 6, 1934, plaintiff duly filed its report of the accident with the commissioner under the provisions of the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq., whereupon the New York state insurance fund, the carrier, made payments of workmen's compensation to Huston, together with hospital, medical, and other expenses incurred by him, until August 10, 1934, when Huston returned to work in the employ of a person other than the plaintiff.

On November 22, 1934, the commissioner held a hearing under the act at Buffalo, N. Y., and the only appearances were Huston and the representative of the New York state insurance fund, and the only testimony taken at the time was that of Huston, and this was claimed not to have been complete or to furnish all the facts on the jurisdictional question as to whether or not he was covered under section 3 (33 U.S.C.A. § 903). On December 13, 1934, the commissioner made and filed a compensation order rejecting the claim of Huston on the ground that he was a member of the crew of the Niagara at the time he was injured.

On July 12, 1935, plaintiff filed a verified petition with the commissioner requesting that the proceedings before the commissioner be reopened for the purpose of taking further testimony, on the ground, in substance, of the discovery of the fact that testimony in full had not been given on the previous hearing and that the commissioner had erred in his decision, under section 22 of the act, as amended by Act May 26, 1934, § 5 (33 U.S.C.A. § 922). Attached to the complaint is a copy of the order of the commissioner dated August 3, 1935, by which he unconditionally reopened the case and abrogated, to the extent of allowing a rehearing and the issuance of a final order after such rehearing, his previous order of December 13, 1934. On August 22, 1935, further hearing was had before the commissioner, when full testimony was taken in behalf of the plaintiff and the employee on the issue as to whether the employee was a member of the crew at the time of the injury. On November 22, 1935, the commissioner made a final order denying plaintiff's petition dated July 11, 1935, to reopen, on the ground that the facts set out therein were not sufficient to invoke the authority of the commissioner to reopen the case, and the commissioner thereupon reinstated the original compensation order of December 13, 1934. This action was commenced by the filing of a petition or bill of complaint on December 20, 1935.

Motion to dismiss the complaint is made on the ground that it fails to state a cause

of action, and the exact point involved is whether or not the commissioner had jurisdiction, upon the facts stated in the petition, to reopen. The testimony taken before the commissioner is not before the court.

■ No attempt was made to review the commissioner's order of December 13, 1934, within the thirty-day period within which section 21 of the act (33 U.S.C.A. § 921) provides that injunction proceedings may be brought by any party in interest to suspend or set aside such order. It was stated at the hearing before this court by the attorney for the plaintiff that no notice of the hearing before the commissioner or of the order of the commissioner came to plaintiff's attention until after the expiration of the thirty-day period. Section 19(c) of the act (33 U.S. C.A. § 919(c) provides that at least ten days' notice of hearing shall be given by the commissioner to the claimant and other interested parties. Certainly the plaintiff was an interested party and should have had notice, and, if no such notice was given, the plaintiff should not be denied the opportunity of being heard and having the case disposed of on the merits. If the provisions of the act with regard to notice were not complied with, the restriction imposed by the act, limiting the time within which to seek injunctive relief, cannot be applied, and the court may, under its general equity powers, grant the relief prayed for. Nothing is more firmly established than that a fundamental requisite of the due process guaranteed by the Fifth and the Fourteenth Amendments is the opportunity to be heard. Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 58 L.Ed. 1363. The lack of notice, which is deemed by this court to be the crucial factor in the case, is not alleged either in the petition to the commissioner for reopening or in the petition to this court; the only allegations with reference to the hearing before the commissioner being those stating, upon information and belief, that such hearing was held. Neither the presence nor absence of such notice will be presumed, nor is counsel's assertion at the hearing before this court that there was no such notice sufficient proof thereof. The presumptions provided for in section 20 of the act (33 U.S.C.A. § 920) do not apply to the situation in the case at bar. The plaintiff should be given an opportunity to amend its petition to this court so as to show that it had no notice of the hearing before the commissioner or of his order based on the evidence there taken until more than thirty days after the date of said order of December 13, 1934, if such was the fact.

■ If proper notice was given by the commissioner of the hearing held on November 22, 1934, the question of the jurisdiction of the commissioner to reopen, upon the facts stated in the petition, remains for consideration. Section 22 of the act, as amended (33 U.S.C.A. § 922), so far as material, reads:

"Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, review a compensation case in accordance with the procedure prescribed in respect of claims in section 919 of this chapter, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation."

This undoubtedly means that the commissioner may hold further hearings and is not limited to a reconsideration of evidence already before him. This would seem to be the necessary import from the reference to section 919, 33 U.S.C.A., which sets forth the general procedure in respect of claims, and this has been the general practice in cases involving a change in conditions. Rothschild & Co. v. Marshall (D.C.) 56 F.(2d) 415; Independent Pier Co. v. Norton (C.C.A.) 54 F.(2d) 734; McCormick S. S. Co. v. United States Employees' Compensation Commission (C.C.A.) 64 F.(2d) 84. It would seem that the same would be true if there were a mistake in a determination of fact and newly discovered evidence pertaining to the determination were available.

■ This brings us to a consideration of the question which counsel have treated as the outstanding one on this motion, whether the commissioner's ruling on the evidence before him, which was afterwards asserted to be incomplete, could be deemed a mistake in a determination of fact, so as to allow him to review the case under section 22 of the act, as amended (33 U.S.

C.A. § 922). It is not contended that there was any change of conditions in this case. No mistake in a determination of fact was alleged in the petition for reopening; it merely being alleged that not all the facts had been before the commissioner. No point can be made of this lack of formal sufficiency of the petition, for the commissioner could have reopened on his own initiative had there been a mistake in a determination of fact. It must be held, however, that there is no showing here of a mistake in a determination of fact involved in the ruling of the commissioner, if such ruling was made on all the evidence introduced at a hearing held in accordance with the provisions of the act and after due notice and opportunity to be heard. The evidence is not "newly discovered" if it was known to the plaintiff at the time of the hearing or could have been discovered by due diligence, and a rehearing cannot be granted merely because of plaintiff's failure to introduce such evidence. Hence the commissioner had no jurisdiction to reopen the case, and he so decided, in sustaining the objections to the reopening, by his order of November 22, 1935. Since the commissioner had no authority to reopen the case, the fact that he attempted so to do can have no effect, and the order of November 22, 1935, cannot be considered a final compensation order which may be reviewed by proceedings instituted within thirty days. The time for plaintiff to appeal, if at all, was within thirty days after the making of the order of December 13, 1934. The fact that a hearing was had on August 22, 1935, under the commissioner's order purporting to reopen the case and that full testimony was taken in behalf of the plaintiff and the employee on the issue as to whether the employee was a member of the crew at the time of the injury is immaterial and did not affect the finality of the commissioner's order of December 13, 1934. The jurisdiction of this court to hear the suit depends upon the statute and not upon its general equity powers. Wheeling Corrugating Co. v. McManigal (C.C.A.) 41 F.(2d) 593; Mille v. McManigal (C.C.A.) 69 F.(2d) 644; Associated Indemnity Corporation v. Marshall (C.C.A.) 71 F.(2d) 235. Therefore, if due notice of the original hearing was given to petitioner and the petitioner was fully informed concerning the matters to be considered, this court has no jurisdiction either to grant a trial de novo on the issue of employment or to direct the commissioner to pass upon the merits.

Unless the plaintiff amends its petition within five days to show that it had no notice of the hearing before the commissioner on November 22, 1934, or of the order of the commissioner of December 13, 1934, until after the expiration of the thirty-day period following that order, the motion to dismiss the complaint must be granted, with costs.

In the event that the petition herein is amended as and within the time above provided, the motion to dismiss will be denied, the defendants may answer according to the practice of this court, and the issues thus framed may be brought on for hearing in regular order for such further disposition of the case as may be proper. Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598.