## CLYDE-MALLORY LINES v. CARDILLO et al.

### No. 714.

District Court, D. Massachusetts.

Feb. 1, 1938.

Thomas H. Walsh, of Boston, Mass., for libelant.

Francis J. W. Ford, U. S. Atty., and Frank W. Tomasello, Asst. U. S. Atty., both of Boston, Mass., for Frank A. Cardillo and Patrick J. Monahan.

Samuel B. Horovitz, of Boston, Mass., for Tony Rich (Riccio).

McLELLAN, District Judge.

This is a libel to invalidate an award made by the respondent Cardillo and an order for a penalty for noncompliance with the award. The case was heard upon the pleadings, the orders hereafter referred to, and a transcript of the evidence before each of two deputy commissioners appointed by the United States Employees' Compensation Commission under the Longshoremen's and Harbor Workers' Compensation Act, as amended, 33 U.S.C.A. § 901 et seq.

Statements of fact herein are intended as special findings of fact and statements of law as conclusions of law, within Admiralty Rule 46½, 28 U.S.C.A. following section 723.

The libelant, Clyde-Mallory Lines, a Maine corporation, is the self-insuring employer against whom the compensation or-

der hereinafter described was made. The respondents Cardillo and Monahan are each deputy commissioners concerned with the making and enforcement of the order. The respondent Monahan has jurisdiction in respect of an injury covered by the Longshoremen's and Harbor Workers' Compensation Act, and works regularly in this district. The respondent Cardillo, a citizen of New York, in the temporary absence of deputy commissioner Monahan, was serving here pursuant to an assignment made under U.S.C.A., title 33, § 940, subd. (c), section 40 (c) of the Act, providing that deputy commissioners may be transferred and temporarily detailed from one compensation district for service in another in the discretion of the commissioner. He signed the compensation order here attacked. The respondent Tony Rich (Riccio), a resident of Boston, is the employee in whose favor the Cardillo order was made.

The court's jurisdiction depends upon U.S.C.A., title 33, § 921, subd. (b), section 21 (b) of the act, providing in part that if not in accordance with law, a compensation order may be suspended or set aside through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order.

The respondent Rich, on October 6, 1933, suffered an injury arising out of and in the course of his employment by the libelant in the discharging of cargo from the steamship Osage on the navigable waters of the United States at Boston. On June 3, 1936, the respondent Monahan made an award under the act, directing the libelant to pay compensation to the respondent Rich for temporary total disability from October 7, 1933, to June 1, 1936, at the rate of $16 a week, and for temporary partial disability at the rate of $12 a week commencing as of June 1, 1936, and continuing at that rate *until otherwise ordered*. (Italics added.) On August 18, 1936, deputy commissioner Monahan found as a fact that from that date Rich was partially disabled, had an earning capacity equivalent to 50 per cent. of his earnings at the time of his injury, and ordered payment of compensation from August 18, 1936, at the rate of $8 per week *until otherwise ordered*. (Italics added.) On March 11, 1937, deputy commissioner Cardillo made a new award for the payment to Rich for temporary total disability from August 18, 1936, amounting to $16 per week, during the continuance of the

disability or until otherwise ordered. It is this last compensation order that the libelant attacks upon the ground that it was not in accordance with law.

■ The libelant's first contention is that deputy commissioner Cardillo was without jurisdiction to change deputy commissioner Monahan's prior order. I think, however, that the statutory provision with reference to the transfer of deputy commissioners from one compensation district to another should be construed as empowering a transferred deputy commissioner to do that which one assigned to the particular district could do lawfully. We deal here with the administration of an act passed for the benefit of injured employees where, it seems to me, the rule that judges of the same court do not feel warranted in modifying one another's orders is inapplicable. The statute provides that upon his own initiative, or upon the application of any party in interest, the deputy commissioner may at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, review a compensation case and issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation. See U.S.C.A., title 33, § 922, section 22 of the Act, as amended. I cannot accept the view that the only deputy commissioner who can so review a compensation case is the one who entered the earlier order. See Independent Pier Company v. Norton, D.C. E.D.Pa.1935, 12 F.Supp. 974.

Judge Morton's opinion in F. Jarka Company, Inc., v. Monahan, D.C., 29 F.2d 741, dealt with a *final* order and was written before the amendment of the statute enlarging the power of deputy commissioners to modify orders theretofore entered. In the case at bar, we have not only the statute, but the fact that the prior order of August 18, 1936, by its express terms, provided that it should continue "until otherwise ordered by the deputy commissioner."

■ Nor can I accept the libelant's view that a right to reopen the finding of a deputy commissioner is confined to a reconsideration of the evidence upon which the finding was based, and that if that evidence justified the finding, it cannot be modified. In Gravel Products Corporation v. McManigal, D.C., 14 F.Supp. 414, 416, Judge Rippey, referring to the statute conferring power upon a deputy commissioner upon his

own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact to terminate or modify an earlier order, said:

"This undoubtedly means that the commissioner may hold further hearings and is not limited to a reconsideration of evidence already before him. This would seem to be the necessary import from the reference to section 919, 33 U.S.C.A., which sets forth the general procedure in respect of claims, and this has been the general practice in cases involving a change in conditions. * * * It would seem that the same would be true if there were a mistake in a determination of fact and newly discovered evidence pertaining to the determination were available."

Deputy commissioner Cardillo expressly found that there was no "change in conditions" since deputy commissioner Monahan's order was entered, and the question remains whether the order now under attack is invalid on the ground that no "mistake in a determination of fact by the deputy commissioner" is involved.

█ Gravel Products Corporation v. McManigal, supra, also holds that no "mistake in a determination of fact" is involved in the commissioner's ruling if made on all the evidence introduced at the prior hearing. It is unnecessary to decide whether in this aspect the case should be followed. A broader interpretation of the act permits the view that a finding of partial disability, when in fact there was total disability, amounts to a mistake of fact corrigible by a new order, without violating the meaning or purpose of the statute. If the commissioner's power is not so restricted as is indicated by the Gravel Products Corporation Case, commissioner Monahan's finding that the employee had a 50 per cent. earning capacity could well be regarded as a mistake of fact, when in reality, as found by commissioner Cardillo, the claimant was then wholly disabled.

█ But, as heretofore stated, it is unnecessary to decide this question. There was evidence before commissioner Cardillo which was not before commissioner Monahan. With the weight of that evidence, I have naught to do, for it is too well settled to require the citation of authorities that the court may not in a proceeding of this kind review findings of fact where they are supported by any substantial evidence. In addition to the record of the prior proceedings, commissioner Cardillo, among other things, had before him the additional testimony of Dr. Myron A. Strammer, who testified with reference to the employee in part as follows:

"The whole pelvis is out of line. It is pulled apart and dislocated in two major places, which makes it a very poor piece of mechanics as it is today.

"Q. Has he also in addition to the physical damages structurally, I mean to the bone, has he also got a backsprain, doctor. A. Yes. It has resulted, of course, in ligamented injury, as well as bone change, so that he has a constant poor mechanical situation.

"Q. Can he do any appreciable amount of lifting, doctor. A. No. I should say his ability to lift is very limited.

"Q. For his old work, is he totally disabled, doctor. A. Yes.

"Q. His old work as a longshoreman. A. Yes."

While there was a reference to the employee's back condition in the report of Dr. Joseph H. Shortell, admitted in evidence at a prior hearing, there was no *medical* evidence of a back injury or sprain of the type to which Dr. Strammer testified.

The conclusion upon all the facts is that deputy commissioner Cardillo's finding that the earlier order involved a mistake in a determination of fact is supported sufficiently, and that his order of March 11, 1937, may not be set aside.

█ After the libel had been filed, deputy commissioner Monahan issued his order of March 29, 1937, imposing a penalty under U.S.C.A., title 33, § 914, subd. (f), section 14 (f) of the Act, which provides that if any compensation payable under the terms of an award is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per cent. thereof, which shall be paid at the same time as but in addition to such compensation, unless review of the compensation order making such award is had as provided in section 921 of the same chapter.

Attacking this order in an amendment to its libel, the libelant charges in substance that it was ready to pay the award of deputy commissioner Cardillo of March 11, 1937, but that the respondent Rich for many months had established a practice of calling

at the libelant's office weekly to obtain payments of previous compensation, and that he had at no time advised or requested the libelant to forward by mail or make payments in any other manner.

The difficulty with this portion of the case is that at the trial the libelant offered no evidence in support thereof, and conceded in substance that there was no basis in the evidence for relieving it from the respondent Monahan's order of March 29, 1937, imposing the penalty.

An order is to be entered dismissing the libel.