## McDONOUGH v. MONAHAN, Deputy Commissioner.

District Court, D. Maine, S. D.
Nov. 27, 1939.

Edmund P. Mahoney, of Portland, Me., for plaintiff.

Edward J. Harrigan, Asst. U. S. Atty., of Portland, Me., for defendant.

PETERS, District Judge.

This is a bill in equity, brought under the authority of the Longshoremen's and Harbor Workers' Compensation Act § 21 (b), 33 U.S.C.A. § 921 (b), by which the plaintiff seeks to have set aside and suspended, as "not in accordance with law", a

compensation order made by the deputy commissioner for the first compensation district. The evidence presented in support of the plaintiff's contention consists of a transcript of the evidence before the commissioner from which it appears that the plaintiff's deceased husband, Joseph H. McDonough, a longshoreman, was injured in the course of his employment on July 23rd, 1927, by being struck in the stomach by a tub of coal which was being hoisted from the hold of a vessel. For disability consequent upon the injury the employee received compensation under the Act from the time of the accident until his death, on October 3, 1934, his disability being classified, successively, as "temporary total", "temporary partial" and "permanent partial".

The particular disabilities for which the employee was receiving compensation at the time of his death were bronchiectasis and myocarditis. It was stipulated that the cause of death, as stated in the death certificate, was "subarachnoid hemorrhage, contributory arteriosclerosis", which I take it means a cerebral hemorrhage occurring near the base of the brain, a contributory cause of which was arteriosclerosis.

In August, 1935, the widow made a claim for compensation on the ground that the death of her husband was the result of the injury sustained by him on July 23, 1927. After customary and regular proceedings and an exhaustive hearing the deputy commissioner made detailed findings of fact and an order rejecting the claim as follows,—so far as it affects this inquiry:

"That as a result of the injury of July 23, 1927, and the bronchiectasis described in the compensation order issued herein on December 5th, 1928, and the myocarditis described in the compensation order issued herein on June 30th, 1933, Joseph H. McDonough was paid compensation for temporary total, temporary partial, and permanent partial disability in accordance with the provisions of said orders until October 2, 1934, amounting to $3952.46, on which last mentioned date compensation for permanent partial disability was terminated by a compensation order issued on January 22nd, 1935;

"That during his period of disability the said Joseph H. McDonough suffered from arterio sclerosis which became progressively worse and caused a subarachnoid hemorrhage which resulted in his death on October 3rd, 1934;

"That the death of Joseph H. McDonough was not the result of his injury of July 23, 1927, nor of the bronchiectasis or myocarditis for which he was receiving compensation at the time of his death;

\* \* \* \* \*

"Upon the foregoing facts it is ordered by the Deputy Commissioner that the claim of Margaret McDonough for death benefits be and it hereby is rejected for the reason that the death of the said Joseph H. McDonough was not the result of his injury of July 23, 1927."

It is claimed by the plaintiff that the findings of fact by the deputy commissioner are "not supported by the evidence in the case, but contrary thereto, and therefore not in accordance with law." It is not suggested that illegality exists in any other respect. The bill asks the court to enjoin the enforcement of the order rejecting the claim for death benefits and asks that the court "direct the deputy commissioner to make a proper order in accordance with the evidence in the case", meaning, I presume, an order allowing the claim instead of rejecting it.

It might be well, in order to dispel any misapprehension, to again define the powers of the court in these cases, first stated by this court in the Pocahontas case, Pocahontas Fuel Co. v. Monahan, 34 F.2d 549, affirmed on appeal in 1 Cir., 41 F.2d 48.

The Employees' Compensation Commission is an administrative agency in the executive branch of the Government, not connected with the courts, set up by Congress to administer certain compensation laws, including this one, and given full powers in hearing and deciding cases properly before it, free from any interference by and with no appeal to or review by the courts so long as it functions legally. It is only when "not in accordance with law", that a compensation order under this Act may be interfered with by the courts (Sec. 21 (b), and that only by injunction in an independent proceeding. Findings of fact by the commission or its deputy are conclusive if there is any evidence to support them. Pocahontas Fuel Co., Inc., et al. v. Monahan, 1 Cir., 41 F.2d 48; Wheeling Corrugating Co. v. McManigal, 4 Cir., 41 F.2d 593, and many cases cited.

If the findings of fact are not supported by evidence the compensation order is not in accordance with law and the illegal procedure may be stopped by the courts.

■ The concrete question here to be decided at the outset, is whether the deputy commissioner had evidence to support his finding that the death of the employee in 1934 was not caused by the injury in 1927. As to this there can hardly be two views. Not only was there no direct evidence,—not even by opinion or guess,—to the effect that the injury did cause the death, but there was testimony by physicians that symptoms and impairments suffered by the employee had no effect on the arteriosclerosis which was the contributory cause of the bursting of the artery which caused death. If it is true, as claimed, that a bad coughing spell, such as he had at times, and which were brought on by other troubles traceable to the accident, could create such a tension that an artery would burst, there was no evidence that he died under such conditions. Certainly a claim of fact cannot stand unsupported by some evidence. It would seem clear that a jury verdict on the same evidence, if contrary to the finding of the deputy commissioner, would have to be set aside as against the weight of the evidence; which indicates how little justification there is for attacking his judgment and order. It would be grossly wrong to interfere by injunction, much more to direct the deputy commissioner to make an order the other way, as requested.

■ This would end the case, so far as this court is concerned, were it not for the fact that the Employees' Compensation Commission, whose deputy made the decision in this case, on the evidence before him, rejecting the claim, has made a suggestion, transmitted to the court in the form of correspondence between the Commission and the district attorney and the deputy commissioner, to the general effect that this court remand the case to the deputy commissioner for a rehearing.

In a letter to the district attorney, counsel for the commission presents what amounts to a brief for the proposition that this court can remand the case for further hearing and suggests a line of questions that might be asked the doctors as to a possible causal relation between the employee's injury and his death, saying "some courts have held that medical evidence to the effect that it is probable that the employee's death resulted from an injury is sufficient to support an award of death benefits."

In pursuance of this idea counsel for plaintiff specifically asks that the case be remanded for further hearing.

It should be noted that there is no claim of newly discovered evidence.

■■ The courts always have, and doubtless always will construe the Longshoremen's Act liberally in favor of the workman,—as authorities cited by counsel for plaintiff abundantly show,—but court procedure cannot be operated more liberally or more favorably for one party than another. Whether asked in behalf of the employee or the employer, the court, in this independent proceeding, brought under the statute to enjoin the enforcement of an alleged illegal order of the deputy commissioner, has no power to remand the case for either side to present more testimony or the same testimony in a different light. Wheeling Corrugating Co. v. McManigal, supra; Gravel Products Corp. v. McManigal, D.C., 14 F.Supp. 414.

■ The matter of review of a compensation case is covered by the statute (33 U.S.C.A. § 922) which gives power in that respect to the deputy commissioner and not to the court. The jurisdiction of the court depends upon the statute and not upon general equity powers.

A decree may be entered dismissing the bill with costs.