## GLENS FALLS INDEMNITY CO. et al. v. HENDERSON, Deputy Com'r, et al.

### No. 515.

District Court, E. D. Louisiana.
New Orleans Division.

Dec. 27, 1941.

Normann & Rouchell, of New Orleans, La., for plaintiffs.

Adam H. Harper, of New Orleans, La., for claimants Hilda Crossley Franklin and Ethel Marsalis Crossley.

Robert Weinstein, Asst. U. S. Atty., of New Orleans, La., for respondent Henderson.

CAILLOUET, District Judge.

This is a proceeding instituted under Section 21(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921(b), to review a compensation order by the defendant Joseph H. Henderson, Deputy Commissioner for the Seventh Compensation District, in favor of Hilda Crossley Franklin, a minor and represented herein by Ethel Marsalis Crossley, dative tutrix.

The Deputy Commissioner found as a fact: "1. That on the 11th day of May, 1940, John Franklin, hereinafter called the decedent, was in the employ of the employer above named at New Orleans, in the State of Louisiana, in the Seventh Compensation District, established under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, and that the liability of the employer for compensation under said Act was insured by Glens Falls Indemnity Company; that on said day the decedent herein, while per-forming service for the employer upon the navigable waters of the United States, sustained accidental injury resulting in his disability while he was employed as a bargeman on barge Ohio, said barge being then moored with barge Raceland and barge Arizona in the New Basin Canal at 36th Street landing, at the Port of New Orleans, in the State of Louisiana, when, in connection with his duties of handling mooring lines on the barge Arizona, he accidentally fell from the barge Arizona into the waters of the New Basin Canal, resulting in his death by drowning, his body being recovered from said Canal the following day;".

Such finding, on its face, may reasonably be said to establish that, as a matter of fact, the deceased bargeman was a member of a crew engaged in navigating a flotilla of at least three barges upon the navigable waters of the United States, rather than that he *was not*.

The situation is not one as in a case where the Deputy Commissioner finds as a fact that a person is actually an "employee"—by *not* being a member of a crew —and that, therefore, his "employment" comes within the scope of the Longshoremen's and Harbor Workers' Compensation Act, with the duty of administering which, as relates to the case of an injured "employee" (within the statute's definition thereof), the said Deputy Commissioner is charged.

■ While true that, granting such a specific finding (even though erroneous), the presumption *then* lies, in the absence of substantial evidence to the contrary, that a claim in question comes within the provisions of the Act, 33 U.S.C.A. § 920, no such presumption can be reasonably said to favor a claim for compensation when the Deputy Commissioner's findings serve to establish the injured employee in a "member of crew" status; *that*, of itself, places the claim beyond the statute's operative ambit.

■ A claimant, provided the Deputy Commissioner first finds, as a condition precedent, that the injured person's employment came within the scope of the Longshoremen's and Harbor Workers' Compensation Act, is entitled to a liberal construction of the said act, so that the purpose of its enactment by Congress for the relief of an "employee", as therein defined, may be effected; but Congress

never intended to include within the status of "employee", a person such as the Deputy Commissioner's findings of fact herein apparently depict the decedent John Franklin to· have been at the time that he met his death by drowning.

■ The Deputy Commissioner's award herein, as against which plaintiffs seek relief, was not made in accordance with law if it be based upon a finding of fact affirmatively establishing that the fatally injured person, with respect to whose death compensation is claimed, was *not* an "employee" protected by the Longshoremen's and Harbor Workers' Compensation Act.

■ Insofar as the decision of the question whether the deceased John Franklin was or was not "a member of a crew" *turns on questions of fact,* the authority to determine such questions has been confided by Congress to the Deputy Commissioner, and if there were evidence to support *an actual finding of fact* that he *was not* a member of the crew, then the official finding on that score would be conclusive; the Court's only duty is to ascertain (1) whether there was *an actual finding of non-membership,* (2) whether such finding is supported by evidence, and, if so, to give effect to such finding without attempting a retrial of the question. South Chicago Coal & Dock Company et al. v. Bassett, 1940, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732.

■ If it appear from the *actual* finding of the Deputy Commissioner that the provisions of the Longshoremen's and Harbor Workers' Compensation Act did not, in fact, apply to the situation he investigated, any award of compensation attempted to be made thereunder was "not in accordance with law", and "may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise", as provided by Section 921(b), 33 U.S.C.A.

The Deputy Commissioner, despite his above quoted' finding of fact relative to the employment status of the fatally injured John Franklin at the time of his death, did, nevertheless, attempt to award compensation to the minor claimant, Hilda Crossley Franklin, who was by him recognized to be "a surviving child in relation to whom the decedent herein stood in loco parentis for more than one year prior to the time of his injury and death", but he requiring "the appointment of a guardian for receiving the compensation (death benefit) awarded", the Deputy Commissioner did order the plaintiffs herein to hold the payments of such death benefits "in abeyance until further orders" were issued by him in the matter.

This said official order which, by its definite prohibitory final terms, was not to be complied with by the plaintiffs unless and until "further orders" were forthcoming from the Deputy Commissioner, was dated January 21, 1941, and on April 5, 1941, was supplemented and confirmed by the order that said plaintiffs "shall now pay all unpaid compensation (death benefit) now due and payable on behalf of the claimant herein, Hilda Crossley Franklin, and shall, henceforth, pay all compensation (death benefit) that shall become due and payable to said claimant in the future under the terms of the said Compensation Order, Award of Compensation, dated January 21, 1941, referred to above, direct to the said dative tutrix, Ethel Marsalis Crossley Franklin, for and on behalf of the claimant, Hilda Crossley Franklin."

Asserting, among other things, that the Deputy Commissioner erred in awarding compensation because the facts, as disclosed by his official order and award, established that the deceased John Franklin was "a member of a crew", and that, therefore, no power vested in him (the Deputy Commissioner) to act under the claimed authority of the Longshoremen's and Harbor Workers' Compensation Act, the plaintiffs applied, on May 5, 1941, for a review by that official of his improvidently granted award of compensation; and on the same day, there was filed this present proceeding for a Court review.

The application was denied on May 7, 1941, the Deputy Commissioner's order on the subject reciting inter alia that the claim of Hilda Crossley Franklin had been accepted by him as properly within the purview of the aforementioned Longshoremen's and Harbor Workers' Compensation Act, when neither of the plaintiffs controverted or denied any fact pertaining to the claim, and when no hearing was sought by either; and that no evidence was submitted in support of the application for review tending to show that a mistake in a determination of fact had been made by him, the Deputy Commissioner.

The Deputy Commissioner was, however, under a misapprehension when he so ruled.

Application was made to him for a review of his action in awarding compensation, with respect to a deceased injured person that his official finding, in effect, characterized as "*member of a crew*", when, under the plain and unambiguous provisions of the Longshoremen's and Harbor Workers' Compensation Act, he was vested with no power and authority to so do; he was asked to set aside, as improvidently done, because done "not in accordance with law", his said award of compensation; he was presented with no case of erroneous determination, from the facts in hand, of John Franklin's employment status; his findings on that score, quite plainly, established the deceased to have been "a member of a crew", rather than not, and yet he (the Deputy Commissioner), "not in accordance with law", did award compensation, and to safeguard themselves from liability therefor and the attendant legal consequences flowing therefrom, plaintiffs, therefore, sought review at his hands.

In view of the fact that, by agreement of the parties in interest, the case was heard upon the merits rather than upon the motion for interlocutory injunction, and because the true situation appeared to be as outlined hereinabove, it was suggested that the Court was disposed to remand the case to the Deputy Commissioner, so that his findings of fact with respect to the employment status of the deceased John Franklin might be recast, if, upon the admission of evidence on that particular subject, the Deputy Commissioner concluded, as a matter of fact, that said Franklin *was not* "a member of a crew", at the time of his death; this course seemed entirely warranted by the fact that a liberal and non-technical construction of the Longshoremen's and Harbor Workers' Compensation Act and a rather informal administration of its provisions appears to be the approved case rule, in order that there be denied no just claim fairly coming within the scope of the statute.

Counsel for claimant, as well as the District Attorney's office for the Deputy Commissioner, contend that no authority lies in the Court to so remand, reliance being placed upon the cases of Gravel Products Corporation v. McManigal, D.C.W. D.N.Y.1936, 14 F.Supp. 414; McDonough v. Monahan, D.C.S.D.Maine, 1939, 30 F. Supp. 315; and Wheeling Corrugating Co. v. McManigal, 4 Cir., 1930, 41 F.2d 593.

In view of the attendant circumstances of this case, a remand in the interest of the claimant would be justified so that, if possible, the award made to such claimant might be bottomed upon a finding of fact that, actually, the deceased John Franklin *was not* "a member of a crew" and, consequently, the Longshoremen's and Harbor Workers' Compensation Act is applicable and authorizes action on the claim by the Deputy Commissioner.

However, the counsel referred to insist that an adjudication of the case be had upon the record as *now* made up, even though plaintiffs offer counsel the opportunity to interview their witnesses and to restrict the examination of witnesses upon the remand, to only such as are so interviewed.

Since neither claimant nor the Deputy Commissioner wish a remand, the Court makes the following findings of fact and conclusions of law, viz.:

### Findings of Fact

■ From the face of the record, as presently made up, it appears that the award made in favor of the claimant Hilda Crossley Franklin is "not in accordance with law", inasmuch as the employment status of the deceased John Franklin, at the time of his fatal injury and death, was one not within the purview of the Longshoremen's and Harbor Workers' Act. Crowell v. Benson, 1932, 285 U.S. 22, 52 S.Ct. 285, at page 294(10), 76 L.Ed. 598.

### Conclusions of Law

The award, consequently, should be abrogated and set aside as "not in accordance with law", and the defendants should be forever enjoined from attempting, in any manner, to enforce the collection and payment of such illegal award.

Let judgment be entered accordingly.